IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Christopher Evans, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| -vs- | ) | No. |
| | ) | |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois | ) | *(jury demand)* |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. § 12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 12133, 29 U.S.C. § 794a(a)(2), and 28 U.S.C. § 1343.

2. Plaintiff Christopher Evans is a resident of the Northern District of Illinois.

3. Plaintiff is disabled; he is missing his right leg below the knee and requires crutches to engage in the everyday activity of walking.

4. Plaintiff is unable to use a standard height toilet without great difficulty.

5. Plaintiff is unable to shower in a safe manner without a stable shower chair.

6. Defendant Thomas Dart is the Sheriff of Cook County; plaintiff sues Dart individually and in his official capacity under 42 U.S.C. § 1983 and in his official capacity under the ADA and Rehabilitation Act.

7. Defendant Dart has received federal funds since at least 2003.

8. Defendant Cook County is jointly responsible for the ADA and Rehabilitation Act violations alleged and is also joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

9. Plaintiff was a detainee at the Cook County Jail from on or about August 21, 2015 until February 2016.

**I.     Housing Claims**

10. In the course of being processed into the Jail in August 2015, medical personnel employed by defendant Cook County determined that plaintiff was disabled and required crutches to walk.

11. On or about August 21, 2015, an employee or employees of defendants caused plaintiff to be assigned to a housing unit in Division 2.

12. The above-mentioned housing unit was not accessible to plaintiff: the shower available to plaintiff lacked a stable shower chair that

would allow plaintiff to shower safely and the toilet did not have accessible features.

13. As a result of plaintiff's housing assignment, he was deprived of rights secured by the ADA and the Rehabilitation Act.

14. By July of 2015, defendant Dart had personal knowledge of the barriers faced by disabled detainees in taking part in jail programs and activities and in avoiding personal injuries while at the Jail.

15. Dart acquired this personal knowledge as the result of his direct, hands-on involvement in the running of the Jail, as well as numerous lawsuits.

16. One of the above-mentioned lawsuits was filed by plaintiff regarding the Jail's failure to accommodate his disability when he was a detainee at the Jail in 2013. *Evans v. Dart*, 13-cv-4200 (N.D. Ill.).

17. In *Evans v. Dart*, 13-cv-4200, plaintiff sought to impose liability on defendant Dart in his individual capacity on his claim under 42 U.S.C. § 1983. *Evans v. Dart*, 13-cv-4200, Mem. Op. Oct. 11, 2013, ECF No. 20.

18. The parties resolved 13-cv-4200 in January 2014.

19. Dart also acquired the above-referred personal knowledge as a result of reports to Dart by the United States Department of Justice about barriers to disabled detainees at the Jail.

20. Notwithstanding this personal knowledge, defendant Dart refused to take action to require that each disabled detainee be held in a housing unit that would accommodate his (or her) needs.

21. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourteenth Amendment to the Constitution of the United States, the ADA, and the Rehabilitation Act.

## II. Courthouse Claims

22. While he was detained at the Jail, plaintiff attended court at the Leighton Courthouse about once each month.

23. In the course of being transported from his housing unit at the Jail to his courtroom and back to his housing unit, plaintiff was held at various locations, each for several hours.

24. None of these locations had the accessible toilet that plaintiff requires.

25. In the course of being transported from his housing unit at the Jail to his courtroom and back plaintiff was required to ambulate up and down an extremely long and steep ramp.

26. Plaintiff requested the use of a wheelchair to navigate the ramp, but persons employed by defendant Sheriff ignored plaintiff's requests.

27. Plaintiff incurred physical injuries because he was required to walk the length of the extremely long and steep ramp with crutches.

28. As a result, plaintiff was deprived of rights secured by the ADA and the Rehabilitation Act.

29. Plaintiff hereby demands trial by jury.

WHEREFORE plaintiff requests that appropriate compensatory damages be awarded against defendant Cook County and appropriate compensatory and punitive damages be awarded against defendant Dart, and that the costs of this action, including fees and costs, be taxed against defendants.

/s/ <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
ARDC No. 08830399
Joel A. Flaxman
200 South Michigan Ave Ste 201
Chicago, Illinois 60604
(312) 427-3200
*Attorneys for Plaintiff*